GODFREY ABRAMS, Respondent, *v.* GREAT AMERICAN INSURANCE COMPANY, NEW YORK, Appellant.

Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Merrell, Townley, Glennon and Untermyer, JJ.; Untermyer, J., dissents and votes to reverse and dismiss the complaint.

UNTERMYER, J. (dissenting). The policy on which this action is brought covers loss of jewelry from any cause but expressly excepts losses " resulting from theft,

conversion, or other act or omission of a dishonest character * * * on the part of * * * any person to whom the property herein insured may be entrusted by whomsoever for any purpose whatsoever." Although I concede that the evidence justifies the conclusion that Rose Friedman secured possession of the jewelry with the intention of converting it, I am yet of the opinion that the plaintiff is not entitled to recover. The means by which the jewelry was secured by her may indeed have constituted larceny, but it was larceny of a kind and committed in a way which is expressly excepted from the policy. What the policy says in effect, and indeed in the clearest possible terms, is that the insurer shall not be liable if a loss results from larceny by any person to whom the property has been intrusted by the insured. The defendant apparently contemplated the possibility of loss resulting from misplaced confidence in persons to whom possession of the jewelry might be intrusted and it refused to insure against such a risk. It seems to me mere sophistry to say that the plaintiff did not intrust the jewelry to Rose Friedman because, unknown to him, she had conceived a purpose to convert it. On the contrary, it was only because the plaintiff intrusted the jewelry to her that she was enabled to carry out her plan. If under these conditions she was not " entrusted " with the jewelry by the plaintiff, whatever her intentions may have been, then I completely misapprehend the meaning of that word. The provisions of this policy are very different from those which were under consideration in *Lake* v. *Simmons* ([1927] A. C. 487), and may well have been devised in consequence of that decision. The insurer here contracted to be liable for loss incurred by theft or otherwise while the property was in the possession of the insured of whose integrity it was satisfied, but it declined to be liable for loss incurred if the property was intrusted for any purpose to persons whose honesty it had no opportunity to investigate.

I, therefore, dissent and vote to reverse the judgment and dismiss the complaint.